### 7219. LaHATTE *v.* METROPOLITAN TRUST COMPANY.

WADE, C. J. 1. The note sued upon was payable, by its terms, to the order of Phenix Investment Co., and was indorsed, "Phenix Investment Co., A. M. Allen, Prest., A. M. Allen." No particular form of signature is necessary to the formal indorsement of a negotiable instrument, and a seal is not necessary, whether the indorsement be that of a private person or of a corporation. *Sheffield* v. *Johnson County Savings Bank,* 2 *Ga. App.* 221 (58 S. E. 386); *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170, 193 (86 S. E. 434.)

(*a*) Under the liberal rules as to pleading in the municipal court of Atlanta, the original petition sufficiently indicated that the apparent transferee, the Metropolitan Trust Company, was the holder of the note sued upon and claimed title thereto.

(*b*) There was no plea denying the validity of the indorsement appearing on the note sued upon, or the title of the holder thereof, and no evidence was offered to negative the presumption that the plaintiff was a bona fide holder of the instrument, for value. Civil Code, § 4288.

2. The trial court did not err in disallowing the defense against the original payee, which was interposed in the suit brought by the holder and apparent transferee (Civil Code, § 4286), or in thereafter rendering judgment in favor of the holder; and the appellate division of the municipal court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED NOVEMBER 16, 1916.

Complaint; from municipal court of Atlanta. November 2, 1916.

*R. B. Blackburn,* for plaintiff in error.

*A. L. Richards, Mayson & Johnson,* contra.